Robert S. PAVLIC, Plaintiff-Respondent,

v.

Timothy P. WOODRUM, Defendant-Appellant.

Court of Appeals

*No. 91–1420. Submitted on briefs February 26, 1992.—Decided*
*April 22, 1992.*

(Also reported in 486 N.W.2d 533.)

585

587

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey A. Schmeckpeper* and *John E. Cain* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey J. Ek* of *Bode, Gross & Carroll, S.C.* of Waukesha.

Before Brown, Anderson and Snyder, JJ.

ANDERSON, J.  Timothy P. Woodrum appeals from an order denying his motion to dismiss for lack of personal jurisdiction.[1] Because we conclude that Wisconsin lacks personal jurisdiction over Timothy Woodrum, we reverse.

Timothy Woodrum and Louis Woodrum organized a Florida Sub-S corporation which sold specialty food items. The corporation was located in Florida. Timothy Woodrum was a shareholder and the president of the corporation. Louis Woodrum, Timothy Woodrum's father, was a shareholder and the vice president of the corporation. Both Woodrums are residents of Florida.

Robert S. Pavlic is a resident of Wisconsin. Louis wrote to Pavlic in Wisconsin to solicit Pavlic's investment in the corporation. The corporation offered Pavlic twenty percent of the stock for $15,000. Pavlic wrote a letter to Louis stating that he was interested in purchas-

---

[1]By order of September 12, 1991, this court granted Woodrum's petition for leave to appeal.

ing the stock but under certain conditions. Louis responded to Pavlic's conditions. Subsequently, Pavlic purchased 1000 shares of the common stock. Timothy sent the stock certificates by mail to Pavlic's Wisconsin address. After the corporation failed, Timothy sent a letter to Pavlic informing him of the failure.

Pavlic sued Timothy personally in Wisconsin for damages arising from fraudulent misrepresentation and conspiracy. Pavlic also claimed that Timothy was negligent and breached his fiduciary duty to Pavlic in the conduct of the business. Finally, Pavlic claimed that Timothy is personally liable under sec. 551.59, Stats., for offering stock for sale in Wisconsin without registering the stock in Wisconsin.

The trial court found sufficient contacts with Wisconsin to exercise personal jurisdiction over Timothy. The court reasoned that the statutory requirements of personal jurisdiction were met because Louis solicited Pavlic on behalf of Timothy, Timothy gained a financial benefit from the solicitation, and Timothy contacted Pavlic two times through the mail. The court also reasoned that substantial justice and fairness would not be violated because Timothy voluntarily assumed interstate obligations by soliciting and obtaining Pavlic's investment while Pavlic was in Wisconsin.

The issue is whether Timothy's contacts in Wisconsin were sufficient for Wisconsin to exercise personal jurisdiction over Timothy. We will adopt the trial court's jurisdictional factual findings unless they are clearly erroneous, although we conduct an independent review of the court's ultimate determination on the sufficiency of the state contacts. *M.C.I., Inc. v. Elbin,* 146 Wis. 2d 239, 242–43, 430 N.W.2d 366, 368 (Ct. App. 1988).

As a threshold matter, we must determine to what extent Louis' actions expose Timothy to personal jurisdiction in Wisconsin. We conclude that Louis' actions, standing alone, do nothing to expose Timothy to personal jurisdiction. Louis had numerous phone calls with and mailings to Pavlic while Pavlic was in Wisconsin. Louis solicited Pavlic to invest in the corporation and Louis was acting on behalf of the corporation. Assuming *arguendo* that these contacts satisfy the statute and the minimum contact requirement, Wisconsin courts would have personal jurisdiction over Louis and the corporation. *See, e.g., State v. Advance Mktg. Consultants, Inc.,* 66 Wis. 2d 706, 715–19, 225 N.W.2d 887, 892–94 (1975). However, personal jurisdiction over the corporation cannot be the sole basis for personal jurisdiction over an officer. *See Oxmans' Erwin Meat Co. v. Blacketer,* 86 Wis. 2d 683, 691, 273 N.W.2d 285, 288 (1979). Therefore, jurisdiction over Louis and the corporation does not extend personal jurisdiction over Timothy.[2]

Section 801.05(4), Stats., sets forth the requirements for personal jurisdiction in this kind of case:

> LOCAL INJURY; FOREIGN ACT.  In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
> (a)  Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

[2]Because Louis was acting on behalf of a corporation, this case differs from the case where one partner's actions expose the other partner to personal jurisdiction in a foreign state. *See, e.g., Schroeder v. Raich,* 89 Wis. 2d 588, 595–96, 278 N.W.2d 871, 874–75 (1979).

  (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

The trial court found that Louis was acting on behalf of Timothy, but did not point to the basis for that finding. The only indication of an agency relationship articulated by Pavlic is Louis' use of the words "we," "us," and "our" in the correspondence between Louis and Pavlic on the corporation's letterhead. Pavlic also relies on Timothy's use of "we," "us," and "our" in Timothy's two letters to Pavlic. The first letter was on the corporation's letterhead and the second letter was not.

An agency exists if there has been a manifestation by the principal to the agent that the agent may act on the principal's account. RESTATEMENT (SECOND) OF AGENCY sec. 15 (1958). Apparent authority to do an act is created by conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him. *Id.* at sec. 27. The record does not contain any evidence or reasonable inferences that would support a manifestation by Timothy *to Louis* creating Louis as Timothy's personal agent. Nor does the record contain evidence or reasonable inferences which would reasonably cause Pavlic to believe that Timothy consented to Louis acting on his behalf. This conclusion is further supported by the fact that all the letters, except one letter written after the dissolution of the corporation, was written on the corporation's stationery.

Ordinarily the court of appeals is not authorized to make findings of fact. However, where there is no conflicting evidence or only one reasonable inference can be drawn from the evidence, the drawing of that inference is a question of law. *See Bulik v. Arrow Realty, Inc.,* 154 Wis. 2d 355, 361, 453 N.W.2d 173, 176 (Ct. App. 1990). Because there is no competing evidence or competing reasonable inferences to support a finding of an agency relationship, we conclude as a matter of law that Louis was not acting on behalf of Timothy. Therefore, these actions do not provide a basis to expose Timothy to personal jurisdiction in Wisconsin.

The only contacts Timothy had with Wisconsin were two contacts through the mail: one mailing of the stock certificates and one mailing of the notice of the corporation's dissolution. These contacts were not solicitation within the meaning of sec. 801.05(4), Stats. The rationale behind the solicitation requirement of sec. 801.05(4) is that when a person solicits, the person anticipates a direct or indirect financial benefit and subjects himself to the jurisdiction of the courts of the state where the solicitation occurs. *See Fields v. Playboy Club of Lake Geneva, Inc.,* 75 Wis. 2d 644, 653, 250 N.W.2d 311, 316 (1977). Timothy's two mailings were not solicitation within the meaning of the statute because it cannot be said that he anticipated a financial benefit when he made the two mailings. Rather, mailing the stock certificates as a corporate agent was a ministerial duty required upon the completion of the contacts between Louis and Pavlic. The letter informing Pavlic of the corporation's dissolution cannot be said to be made in anticipation of a financial benefit. Therefore, we conclude that the statutory requirements for personal juris-

592

diction are not satisfied.[3]

Pavlic relies on *Advance Marketing,* and the cases cited therein, to argue that Timothy is subject to personal jurisdiction in Wisconsin. In *Advance Marketing,* the state of Wisconsin commenced an action against a corporation and an officer personally for fraudulent advertising. *Advance Mktg.,* 66 Wis. 2d at 708-09, 225 N.W.2d at 889. The officer was an Illinois resident. *Id.* at 708, 225 N.W.2d at 888. The supreme court recognized that acts of a corporation may be imputed to individuals where control is shown. *Id.* at 714, 225 N.W.2d at 891. The court concluded that the act of placing advertisements in newspapers circulated in Wisconsin, the officer's presentation of a contract in Wisconsin with a person responding to the advertisements, and the officer cosigning the contract were "local acts" by the officer to confer personal jurisdiction over the officer under sec. 801.05(3), Stats. *See Advance Mktg.,* 66 Wis. 2d at 716, 225 N.W.2d at 892-93. The court reasoned that officers who promote a business contract in Wisconsin, sanction the activity, and financially benefit should not be able to claim immunity on the basis of jurisdiction for an action involving fraud or misrepresentation. *Id.* at 717-18, 225 N.W.2d at 893. Therefore, the supreme court held that jurisdiction existed over the individual officer as well as the corporation. *Id.* at 718, 225 N.W.2d at 893.

---

[3]Compliance with sec. 801.05, Stats., is *prima facie* compliance with due process. Because Pavlic has not satisfied the statute, we need not undertake the constitutional minimum contacts analysis used to rebut the presumption that due process was met. *See, e.g., Fields v. Playboy Club of Lake Geneva, Inc.,* 75 Wis. 2d 644, 653-54, 250 N.W.2d 311, 316 (1977). Furthermore, because we conclude that Wisconsin lacks personal jurisdiction, we need not address whether the case should be transferred to Florida.

Similarly, in *Oxmans' Erwin Meat Co.,* the supreme court found personal jurisdiction over a corporate officer because the officer was personally served in Wisconsin and he had "minimum contacts" in Wisconsin. *See Oxmans' Erwin Meat Co.,* 86 Wis. 2d at 688, 273 N.W.2d at 287. A suit was brought against an Oklahoma corporation and one of its officers for fraudulent misrepresentation. The court stated that a corporate agent cannot shield himself or herself from personal liability for a tort he or she personally commits or participates in by hiding behind the corporate entity. *Id.* at 692, 273 N.W.2d at 289. The contacts included the officer meeting with the plaintiff in Wisconsin forty-four times at the defendant's Wisconsin office. Because the alleged fraudulent representation was a tort the officer personally committed during the meetings in Wisconsin, the court found that Wisconsin had personal jurisdiction over the defendant. *Id.* at 692–93, 273 N.W.2d at 289.

These cases do not stand for the proposition that an officer of a corporation, who allegedly commits the personal tort of fraud or misrepresentation, is always subject to personal jurisdiction in Wisconsin. There must be some act or omission by that officer in Wisconsin to justify personal jurisdiction. In *Advance Marketing,* advertisements were circulated in Wisconsin by virtue of the officer's control; the officer came to Wisconsin to negotiate the contract; and as a result of that negotiation, the officer was a cosigner of the contract. *See Advance Mktg.,* 66 Wis. 2d at 716, 225 N.W.2d at 892–93. In *Oxmans' Erwin Meat Co.,* the officer came to Wisconsin a number of times over a substantial time period, the misrepresentations allegedly took place while he was physically present in the state, and the cause of action arose from the misrepresentation. *Oxmans' Erwin*

*Meat Co.,* 86 Wis. 2d at 692, 273 N.W.2d at 289. In addition to the rationale that an officer should not be able to avoid liability for his or her personal acts, the officers in each case had acted in Wisconsin during their alleged fraudulent activity.

In this case, however, Timothy never acted in Wisconsin. Timothy's only actions were two letters mailed to Pavlic's Wisconsin address. These letters were not acts or omissions in Wisconsin. Therefore, unless Timothy had acted in Wisconsin, *Advance Marketing,* the cases cited therein, and *Oxmans' Erwin Meat Co.* are not controlling.

*By the Court.*—Order reversed.