**KNOT JUST BEADS, Plaintiff,**

v.

**KNOT JUST BEADS, INC., and ABC Insurance Company, Defendants.**

No. 02–C–0154.

United States District Court, E.D. Wisconsin.

Aug. 29, 2002.

Thaddeus C. Stankowski, Milwaukee, WI, for Plaintiff.

Mark W. Rattan, Milwaukee, WI, for Defendant.

### *DECISION AND ORDER*

ADELMAN, District Judge.

Plaintiff Knot Just Beads, an unincorporated Wisconsin business, sues defendant, an Alabama corporation, also known as "Knot Just Beads," for trademark infringement and unfair competition. Plaintiff's claim is that by using the name "Knot Just Beads" defendant is infringing its trademark. Plaintiff brings claims under the Lanham Act, 15 U.S.C. § 1041–1127, and Wisconsin law. Jurisdiction of the federal law claims is based on 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and I have supplemental jurisdiction over the state law claims based on 28 U.S.C. § 1367(a). Pursuant to Fed.R.Civ.P. 12(b)(2) defendant now moves to dismiss based on the absence of personal jurisdiction or, alternatively, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the Southern District of Alabama.

### I. FACTS

Both plaintiff and defendant sell beads and bead-related products. Plaintiff operates a retail outlet in Wauwatosa, Wisconsin and also sells products via catalog sales and trade shows. Defendant operates a store in Mobile, Alabama. Defendant's operation consists of a small craft and gift shop, and it generates most of its business

from walk-ins, classes and parties. It does not have a mail order business, a catalog or a toll-free phone and has not mailed solicitations or made sales to Wisconsin residents.

In October 2001, Bead & Button Magazine, a bi-monthly trade magazine published in Waukesha, Wisconsin, approached defendant about placing a listing in its shop directory section. Defendant agreed to a one-year placement and paid Bead & Button $247. The listing appeared in the February 2002 issue and on the magazine's website. In its listing defendant advertised its workspace, classes and availability for parties but not products or prices. Defendant subsequently cancelled the listing and obtained a pro rata refund; however, the listing appeared in one more issue of the magazine. The listing continued to appear on Bead & Button's website, however, without defendant's knowledge or consent. In 2002, Bead & Button had approximately 86,000 paid subscribers including about 1,500 in Wisconsin and some in Alabama and its neighboring states. Defendant's co-owner, Robert Schwartz, states that the purpose of the Bead & Button listing was to generate business in Alabama and surrounding states not in Wisconsin or other parts of the country.

## II. DISCUSSION

Plaintiff has the burden of proving that personal jurisdiction exists although the burden is not a heavy one. *PKWare, Inc. v. Meade*, 79 F.Supp.2d 1007, 1011 (E.D.Wis.2000). For purposes of determining personal jurisdiction, I take all of plaintiff's factual allegations as true unless defendant has directly controverted them. *Allen–Bradley Co., Inc. v. Datalink Tech., Inc.*, 55 F.Supp.2d 958 (E.D.Wis.1999). However, I may also consider evidence so long as I resolve all factual disputes in plaintiff's favor. *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir.1994). In the present case defendant presents two

affidavits from Robert Schwartz, which make a number of assertions that plaintiff does not contradict. Thus, they are taken as true.

Whether this court has personal jurisdiction over plaintiff's federal claims depends on whether defendant is amendable to process by this court. *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F.Supp.2d 901, 906 (E.D.Wis.1998). The jurisdictional provision of the Lanham Act, 15 U.S.C. § 1121, does not authorize nationwide service of process. Thus, personal jurisdiction will be established if defendant would be subject to the jurisdiction of the Wisconsin courts. Fed.R.Civ.P. 4(k)(1)(A); *Johnson Worldwide Assoc., Inc.* at 906. Personal jurisdiction over the federal claims, therefore, depends on whether plaintiff's allegations and evidence satisfy the requirements of Wisconsin's long-arm statute, Wis.Stat. § 801.05, and if personal jurisdiction comports with Fourteenth Amendment due process, *id.* If I have personal jurisdiction over plaintiff's federal claims, I may exercise supplemental jurisdiction over its related state law claims. 28 U.S.C. § 1367(a).

The Wisconsin long-arm statute is to be liberally construed in favor of exercising jurisdiction and is intended to confer jurisdiction to the extent allowed by due process. *Johnson Worldwide Assoc.*, 12 F.Supp.2d at 906. Under the statute, Wisconsin can exercise two types of personal jurisdiction over a nonresident defendant, general and specific. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 53 (7th Cir.1996). General jurisdiction is proper when a defendant has "continuous and systematic business contacts" with a state, and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). On

the other hand, a state may exercise specific jurisdiction when the defendant has a lesser degree of contact with the state, but the litigation arises out of or is related to those contacts. *Id.* at 414 n. 8, 104 S.Ct. 1868. Under Wisconsin law if plaintiff can make a prima facie case of specific jurisdiction under the long-arm statute, the burden switches to defendant to show that jurisdiction would nonetheless violate due process. *Logan Productions*, 103 F.3d at 53.

Plaintiff argues that in the present case I have specific jurisdiction over defendant. Plaintiff relies on Wis.Stat. § 801.05(4)(a), which provides that personal jurisdiction exists in an action for injury within the state arising out of an act or omission outside the state if at the time of the injury, "solicitation ... activities were carried on within this state by or on behalf of the defendant." *Id.* In order to obtain personal jurisdiction under § 801.05(4), plaintiff must show three jurisdictional facts: (1) an act committed outside the state by defendant, (2) an injury to person or property within the state which is claimed to arise out of the foreign act, and (3) some additional contact such as solicitation activities carried out by the defendant which link the defendant to the state. *Fields v. Peyer*, 75 Wis.2d 644, 651, 250 N.W.2d 311 (1977).

Plaintiff alleges that defendant is infringing its trademark by using the name Knot Just Beads. Defendant does not dispute that its Alabama store is named Knot Just Beads. Thus, defendant has made a prima facie showing of infringement outside of Wisconsin and thereby satisfies the first jurisdictional requirement. With respect to the requirement of a local injury, plaintiff alleges that it primarily uses the trademark that it seeks to defend in Wisconsin. Therefore, if defendant is infringing the mark, plaintiff's injury will be felt mainly in Wisconsin. *Indianapolis Colts,*

*Inc. v. Metro. Baltimore Football,* 34 F.3d 410, 411 (7th Cir.1994). Thus, plaintiff also satisfies the second requirement for personal jurisdiction under § 801.05(4)(a).

■ The dispute focuses primarily on whether the third requirement of the statute is satisfied, the requirement that defendant have had additional contact with Wisconsin by having carried out "solicitation activities" in the state. In order for solicitation activities in Wisconsin to trigger personal jurisdiction, the solicitor must anticipate receiving a financial benefit from the solicitation. *Schimpf v. Gerald Inc.,* 2 F.Supp.2d 1150, 1162 (E.D.Wis. 1998) (citing *Pavlic v. Woodrum,* 169 Wis.2d 585, 592, 486 N.W.2d 533 (Ct.App. 1992) and *Fields,* 75 Wis.2d at 653, 250 N.W.2d 311). "The rationale behind the solicitation requirement of § 801.05(4) is that when a person solicits, the person anticipates a direct or indirect financial benefit and subjects himself to the jurisdiction of the courts of the state where the solicitation occurs." *Pavlic,* 169 Wis.2d at 585, 486 N.W.2d 533. In *Fields* the Wisconsin Supreme Court made the same point when it quoted with approval the following language from *Tilley v. Keller Truck & Implement Corp.,* 200 Kan. 641, 438 P.2d 128, 133–34 (1968):

> If the defendant advertises, solicits, or sells its product in the forum state it then has or can anticipate some direct or indirect financial benefit from the sale, trade, use or servicing of its products in the forum state. It is then subject to in personam jurisdiction. The particular product or service causing the injury need not be sold or performed in the forum state but the defendant must reasonably have or anticipate financial benefit from the sale, trade, use or servicing of its products in the forum state.

*Fields,* 75 Wis.2d at 653, 250 N.W.2d 311.

■ Plaintiff argues that the listing by defendant in Bead & Button Magazine

constituted a solicitation within the meaning of § 801.05(4)(a). Defendant, however, submits an affidavit from its co-owner, Robert Schwartz, stating that it did not anticipate that as the result of the listing it would receive any financial benefit from Wisconsin. Schwartz asserts that the sole purpose of the listing was to market to residents of Alabama and nearby states. Plaintiff does not present any evidence contradicting this assertion. Moreover, other uncontradicted factual representations by Schwartz corroborate this statement. He states that defendant's customer base is primarily walk-in business, that defendant has no mail order business and that defendant mentioned no products or prices in the listing. He further states defendant received no orders or inquiries from Wisconsin residents and no financial benefit of any sort from Wisconsin as a result of the listing.

Taking the evidence in the light most favorable to plaintiff, it is reasonable to infer that defendant anticipated financial benefits as the result of the listing, but not that it anticipated financial benefits from Wisconsin. It would have been unreasonable for a small store in Mobile, Alabama with no mail order business to have anticipated that it would financially benefit from Wisconsin residents seeing its listing in Bead & Button.

Plaintiff suggests that defendant might have anticipated that it would benefit from the listing because it would acquire a right to use the mark in Wisconsin if plaintiff failed to bring suit to enforce its rights. Even assuming that such a hope could satisfy the anticipation of financial benefit prong of the solicitation requirement, plaintiff presents no evidence from which I might infer that defendant anticipated such a benefit.

Plaintiff also points to the correspondence between its counsel and defendant's counsel prior to the filing of the lawsuit as a possible basis for personal jurisdiction. Sending a letter into a state, however, is generally insufficient to confer personal jurisdiction over a non-resident defendant. *Harley–Davidson Motor Co., Inc. v. Strada*, 78 F.R.D. 521, 524 (E.D.Wis.1978). And, here, the letters in question were from defendant's counsel.

## III. CONCLUSION

For the foregoing reasons, I conclude that the requirement of § 801.1.05(4)(a) that defendant carry on solicitation activities in Wisconsin is not met. Plaintiff has not established a prima facie case of specific jurisdiction under the long-arm statute. Therefore, I need not address the question of whether the exercise of jurisdiction by Wisconsin would comport with due process.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss is **GRANTED,** and this case is **DISMISSED** for lack of personal jurisdiction.