**WAYNE PIGMENT CORPORATION,**
Plaintiff,

v.

**HALOX, and HAMMOND GROUP,**
**INC., Defendants.**

No. 02C0203.

United States District Court,
E.D. Wisconsin.

Sept. 17, 2002.

---

Joseph A. Kromholz, Milawukee, WI, for Plaintiff.

Timothy Patula, Chicago, IL, for Defendants.

## DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff Wayne Pigment Corporation, a Wisconsin corporation whose principal place of business is Wisconsin, alleges that defendants Halox and Hammond Group, Inc., actively induced infringement of United States Patent 6,113,989 (the '989 patent), in violation of 35 U.S.C. § 271(b). The '989 patent is entitled "Acqueous Paint Additive for Staining Inhibition and Procedures." (Compl.¶ 9.) Defendant Hammond Group, Inc., is an Indiana corporation whose principal place of business is Hammond, Indiana, and defendant Halox is a division of Hammond, whose principal place of business is also Hammond. Halox supplies raw materials to the paint and coatings industry. I will refer to defendants collectively as "Halox."

Plaintiff alleges that Halox produces a product known as XTAIN L–44, a liquid stain inhibitor, which, when used for its intended purpose, infringes the '989 patent. Plaintiff further alleges that by promoting and selling XTAIN L–44 Halox has and is actively inducing infringement of its patent. This court has federal question jurisdiction. See 35 U.S.C. § 1 et. seq, and 28 U.S.C. § 1338(a). Halox now moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) based on the absence of personal jurisdiction, and alternatively, pursuant to Fed.R.Civ.P. 12(b)(3), to transfer the case

to the Northern District of Indiana based on improper venue.

## I. FACTS

Halox manufactures XTAIN L–44, a paint additive that inhibits liquid stains, at its Hammond facility and distributes it in the Midwest and elsewhere through an independent distributor. Halox also advertises XTAIN L–44 on its website. Since October 1999 Halox has delivered to Wisconsin paint manufacturers eight samples of XTAIN L–44 for the purpose of enabling the manufacturers to determine whether to purchase XTAIN L–44 for commercial purposes. Halox either sent the samples to the Wisconsin recipients directly or through its then-Midwest distributor, T.H. Hilson. In June 2001 the M.F. Cachat Company succeeded Hilson as Halox's Midwest distributor. Until September 2001 the Cachat sales representative who served the Halox account lived and worked in Waukesha, Wisconsin. Until after this suit was commenced, Cachat's website listed a sales office in Milwaukee, Wisconsin although this information was outdated.

## II. PERSONAL JURISDICTION

### A. Applicable Law

■ Whether a court has personal jurisdiction over a defendant in a patent case is determined according to the law of the federal circuit rather than of the regional circuit in which the case arose because the jurisdictional question is "intimately involved with the substance of the patent laws." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed.Cir.2001) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.1995)). Plaintiff has the burden of proving personal jurisdiction and for purposes of determining the issue I take all of plaintiff's factual allegations that are not directly controverted as being true. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed.Cir.1994). I may consider evidence so long as I resolve all factual disputes in plaintiff's favor. *Id.*

■ In determining whether this court has personal jurisdiction over a defendant look first to Fed.R.Civ.P. 4(k). Rule 4(k) provides that even when the claim being asserted is a federal one a federal court applies the relevant state statute to determine personal jurisdiction. *Graphic Controls Corp. v. Utah Med. Prods.*, 149 F.3d 1382, 1385 n. 2 (Fed.Cir.1998). Thus, the question of whether I have personal jurisdiction over an out-of-state defendant involves two inquiries: whether the forum state's long-arm statute, here, Wis. Stat. § 801.05, permits the exercise of personal jurisdiction and whether the assertion of personal jurisdiction violates due process. *Genetic Implant Sys., Inc. v. Core–Vent Corp.*, 123 F.3d 1455, 1458 (Fed.Cir.1997). In applying the state long-arm statute, I defer to the interpretation of the statute by the state courts. *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.Cir.1998). The Wisconsin long-arm statute is to be liberally construed in favor of exercising jurisdiction. *Schroeder v. Raich*, 89 Wis.2d 588, 593, 278 N.W.2d 871 (1979). Further, the statute provides jurisdiction to the full extent provided by due process. *Allen–Bradley Co., Inc. v. Datalink Technologies*, 55 F.Supp.2d 958, 959 (E.D.Wis.1999).

Under § 801.05 Wisconsin can exercise two types of personal jurisdiction over a nonresident defendant, general and specific. General jurisdiction is proper when a defendant has "continuous and systematic business contacts" with a state, and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). On the

other hand, a state may exercise specific jurisdiction when the defendant has a lesser degree of contact with the state, but the litigation arises out of or is related to those contacts. *Id.* at 414 n. 8, 104 S.Ct. 1868. In the present case plaintiff argues that both types of jurisdiction are present. However, because I find that this court has specific jurisdiction over Halox I need not address the question of general jurisdiction.

## B. Specific Jurisdiction

■ Wis. Stat. § 801.05(4) provides:

(4) Local injury; foreign act. In any action claiming injury to a person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

In order to obtain personal jurisdiction under § 801.05(4), plaintiff must show three jurisdictional facts: (1) an act committed outside the state by defendant; (2) an injury to person or property within the state which is claimed to arise out of the foreign act; and (3) some additional contact such as solicitation activities carried out by the defendant which link defendant to the state. *Fields v. Peyer,* 75 Wis.2d 644, 651, 250 N.W.2d 311 (1977).

Plaintiff alleges that XTAIN L–44, when used for its intended purpose, infringes the '989 patent and that Halox actively induced such infringement by promoting the product in various ways, including by sending samples of it to potential customers. Plaintiff further alleges that Halox manufactured the product in Indiana and, on eight occasions, shipped samples of it to Wisconsin from outside the state. Plaintiffs' allegations that Halox manufactured the infringing product outside Wisconsin and that it shipped the product to Wisconsin from another state both satisfy the requirement of § 801.05(4) that plaintiff plead a foreign act.

With respect to the statutory requirement that plaintiff suffer an injury in Wisconsin, the situs of the injury in a patent case is the location or locations at which the infringing activity directly impacts on the interests of the patent-holder. *Beverly Hills Fan Co.,* 21 F.3d at 1571. In *Beverly Hills Fan Co.* the alleged infringing activity was a sale of the product, and the court held that the location where the infringing activity impacted on the interests of the patent-holder was the place where the sale occurred. *Id.* In the present case the infringing activity is Halox's alleged inducement of others to infringe. One of the ways in which plaintiff alleges that Halox induced infringement is by delivering samples of XTAIN L–44 to them. Thus, under the rationale of *Beverly Hills Fan Co.,* the situs of plaintiff's injury is the location where such deliveries occurred. It is undisputed that eight samples of the product were delivered to locations in Wisconsin. Thus, plaintiff has sufficiently alleged a local injury.

Plaintiff can establish the third element of the statute in two ways, one of which is to show that Halox engaged in "solicitation ... activities" in Wisconsin. § 801.05(4)(a). "The rationale behind the solicitation requirement is that when a person solicits, the person anticipates a direct or indirect financial benefit and subjects himself to the jurisdiction of the courts of the state where the solicitation occurs." *Pavlic v. Woodrum,* 169 Wis.2d 585, 592, 486 N.W.2d 533 (Ct.App.1992). In *Fields* the Wisconsin Supreme Court made the same

point when it quoted with approval the following language from *Tilley v. Keller Truck & Implement Corp.*, 200 Kan. 641, 438 P.2d 128, 133–34 (1968): "If the defendant advertises, solicits, or sells its product in the forum state it then has or can anticipate some direct or indirect financial benefit from the sale, trade, use or servicing of its products in the forum state. It is then subject to personal jurisdiction." *Fields*, 75 Wis.2d at 653, 250 N.W.2d 311.

In the present case the requirement that defendant engage in solicitation activities is met by Halox's having sent samples of its product to Wisconsin manufacturers. Halox argues that "the samples were supplied merely to provide a few paint manufacturers with a first look at the product," and that "there was never any guarantee or agreement that the manufacturers would eventually purchase a commercially viable amount of XTAIN L–44." (Reply Br. at 4.) However, sending samples is a form of advertising or solicitation. Further, it is reasonable to infer that Halox sent the samples to Wisconsin manufacturers for the purpose of obtaining direct or indirect financial benefit. Halox is a commercial entity not an eleemosynary corporation. Thus, plaintiff has pled sufficient facts to satisfy the third requirement of § 801.05(4).

In its reply brief Halox also argues that it did not actively induce any resident of Wisconsin to infringe the '989 patent either by sending out samples of XTAIN L–44 or in any other way. This contention, however, relates to the merits of plaintiff's claim rather than to the question of personal jurisdiction. I do not address the merits of the case here, and at this stage must take all facts in the light most favorable to plaintiff. Thus, I conclude that plaintiff has pled the elements necessary to establish personal jurisdiction under Wisconsin's long-arm statute.

## B. Constitutional Considerations

Wisconsin courts presume that compliance with the Wisconsin long-arm statute satisfies the requirements of due process as well although the presumption may be rebutted. *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F.Supp.2d 901, 910 (E.D.Wis.1998). Due process permits a Wisconsin court to exercise jurisdiction over a defendant who has "minimum contacts" with this state such that maintenance of a lawsuit here "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The defendant must have "purposefully established minimum contacts within the forum State" before personal jurisdiction will be found to be reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Crucial to the minimum contact analysis is a showing that the defendant "should reasonably anticipate being haled into court [in the forum State]," *id.* at 474, 105 S.Ct. 2174 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)), because the defendant has "purposefully avail[ed] itself of the privilege of conducting activities" there. *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

When the basis for personal jurisdiction is specific jurisdiction, the suit must "arise out of" or "be related to" these minimum contacts with the forum state. This nexus is important because it aims to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct

will and will not render them liable to suit." *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. 559.

In the present case plaintiff's lawsuit clearly arises out of or is related to its contacts with Wisconsin. The suit alleges that Halox induced infringement of plaintiff's patent in a number of ways including by sending samples of the infringing product to Wisconsin paint manufacturers to enable them to evaluate its utility as a commercial product. Thus, there is a nexus between Halox's Wisconsin contacts and plaintiff's claim. By sending samples into Wisconsin of a product that, when used for its intended purpose, allegedly infringed plaintiff's patent, Halox purposefully availed itself of the privilege of conducting activities in Wisconsin such that it could reasonably anticipate being haled into a Wisconsin court in a lawsuit relating to those activities. Thus, I conclude that the exercise of personal jurisdiction in this case does not offend due process.

### III. VENUE

■ Halox also moves to dismiss plaintiff's claim based on improper venue or alternatively, to transfer the case to the Northern District of Indiana, Hammond Division. Title 28 U.S.C. § 1400(b) governs venue in patent infringement cases and provides that an action may be brought in a district "where the defendant resides." The general venue statute, 28 U.S.C. 1391(c), specifies where a corporation resides. *V.E. Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1580 (Fed.Cir.1990). Section 1391(c) provides that for purposes of venue a corporate defendant resides "in a judicial district in which it is subject to personal jurisdiction." I have already determined that Halox is subject to personal jurisdiction in this district. It, therefore, follows that venue is also proper in this district.

■ Title 28 U.S.C. § 1404(a) authorizes a district court to transfer a case to a district where the case might have been brought "for the convenience of the parties and witnesses, in the interest of justice." Plaintiff does not dispute that the action might have been brought in the Northern District of Indiana, Hammond Division. Thus, in order to justify a transfer, Halox must show that the Northern District of Indiana, Hammond District, is clearly a more convenient forum. *PKWare, Inc. v. Meade,* 79 F.Supp.2d 1007, 1019 (E.D.Wis. 2000).

In evaluating a request for transfer under § 1404(a), a court should evaluate a broad set of considerations. These include both private and public interest factors. Private interest factors include plaintiff's choice of forum, the situs of operative events, the convenience of the parties and witnesses relative to their respective residences and the parties' abilities to bear the expense of trial in a particular forum. Public interest considerations include judicial economy, the expeditious administration of justice, and the availability of compulsory process over possibly unwilling witnesses. Plaintiff's choice of forum must also be accorded weight, particularly where plaintiff resides in the forum. *Id.*

In the present case Halox argues that the number of potential witnesses from Indiana is greater than from Wisconsin and that, therefore, the Northern District of Indiana is a more convenient forum for the resolution of the action. However, plaintiff will also have a considerable number of witnesses. Moreover, inconvenience is not a sufficient reason to transfer a case if it merely shifts inconvenience from one party to another. *Id.* at 1020. Further, no matter where the case proceeds, the inconvenience to the out-of-state party will be slight. Hammond is located only 115 miles from Milwaukee. In fact, neither

private nor public interest factors strongly favor either site. That being the case, I conclude that Halox has not shown that Hammond is a clearly a more convenient forum. Therefore, the motion for transfer of venue will be denied.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Halox's motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer is **DENIED.**

**IT IS FURTHER ORDERED** that a telephonic conference will be held on **September 23, 2002** at **10:30 a.m.** The court will initiate the call.