John D. PUCHNER, Plaintiff-Appellant,

v.

Anne C. HEPPERLA, Defendant-Respondent.

John D. PUCHNER, Plaintiff-Appellant,

v.

Bruce C. O'NEILL, Anne Hepperla and Jacqueline Hepperla, Defendants-Respondents.[Case No. 98–2853]

Anne C. HEPPERLA, Petitioner-Respondent,

v.

John D. PUCHNER, Respondent-Appellant. [Case No. 98–3446]

Court of Appeals

*Nos. 98–2853, 98–3446. Submitted on briefs November 22, 2000.—Decided January 31, 2001.*

2001 WI App 50

(Also reported in 625 N.W.2d 609.)

545

On behalf of the plaintiff-appellant and respondent-appellant, the cause was submitted on the briefs of *John Puchner*, pro se.

On behalf of the defendants-respondents and petitioner-respondent, the cause was submitted on the

briefs of *Bruce C. O'Neill* and *Diane Slomowitz* of *Fox, O'Neill & Shannon, S.C.* of Milwaukee.

Before Nettesheim, Anderson and Snyder, JJ. .

¶ 1. PER CURIAM. In these consolidated appeals,[1] we hold that John D. Puchner's appeals are frivolous[2] and remand to the circuit court under WIS. STAT. RULE 809.25(3)(a) for a determination of the costs, fees and reasonable attorney's fees to be awarded to the respondents, Anne Hepperla, Bruce C. O'Neill and Jacqueline Hepperla. We also bar Puchner from commencing future proceedings in this court and the circuit court arising from, relating to or involving Anne Hepperla until the monetary sanction is paid in full.

¶ 2. Anne Hepperla (hereinafter Hepperla) and Puchner were divorced in 1992. Since 1994, Puchner has filed twenty cases in the court of appeals relating to postdivorce disputes involving Hepperla. Puchner has not prevailed in any case he has filed in this court. Of the twenty cases Puchner has filed, we affirmed the circuit court in six cases (including the appeals which are the subject of this opinion), dismissed for lack of jurisdiction in two cases and dismissed for failure to comply with the rules of appellate procedure in two cases. We also dismissed or denied all of Puchner's nine

---

[1] On our own motion, we consolidate these appeals for disposition. WIS. STAT. RULE 809.10(3) (1999–2000). All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] The respondents filed motions with their respondents' briefs to have these appeals deemed frivolous. WIS. STAT. RULE 809.25(3)(a).

petitions requesting that this court exercise its supervisory jurisdiction over the circuit court.[3]

¶ 3. We turn to the pending appeals. In appeal no. 98–2853, Puchner sought to appeal from a summary judgment disposing of his defamation claim against Hepperla, Bruce O'Neill and Jacqueline Hepperla.[4] As a result of an inquiry regarding our jurisdiction, we concluded that Puchner did not timely appeal from the order granting summary judgment. Therefore, we limited the issues on appeal to a challenge to a subsequent order calculating Hepperla's actual attorney's fees and costs after the circuit court found that Puchner's defamation action constituted harassment of Hepperla and her counsel. We expressly declined to consider issues relating to the circuit court's decision on summary judgment.

¶ 4. In his appellant's brief in appeal no. 98–2853, Puchner argues that the circuit court wrongly dismissed his defamation action. These arguments relate to issues that we clearly stated were outside of our jurisdiction. Under WIS. STAT. RULE 809.25(3)(c)2, an appeal is frivolous if "[t]he party . . . knew, or should have known, that the appeal . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Puchner's arguments have no basis in the law of this case. His appeal is frivolous.

---

[3] The final case, appeal no. 98–1597 from a Milwaukee county circuit court, is briefed and awaiting decision in the court of appeals.

[4] Bruce O'Neill is Hepperla's counsel. Jacqueline Hepperla is Hepperla's mother.

¶ 5. In appeal no. 98–3446, Puchner appeals from a circuit court order enjoining him from having contact with Hepperla. Puchner's appellant's brief is filled with vindictive and scurrilous attacks upon the circuit court judge, other circuit court judges, Hepperla and her counsel. The brief is offensive, particularly as to Hepperla, against whom it levels an irrelevant but serious criminal allegation without any foundation or support. We need not countenance scurrilous and inappropriate briefs. *See A.J.N. v. W.L.D.*, 167 Wis. 2d 315, 344, 481 N.W.2d 672 (Ct. App. 1992), *aff'd*, 174 Wis. 2d 745, 498 N.W.2d 235 (1993), or briefs which are offensive in content. Therefore, we strike the brief and do not reach the merits of the appeal. In the absence of an acceptable brief, the appeal is frivolous under WIS. STAT. RULE 809.25(3).

¶ 6. Having deemed both of Puchner's appeals frivolous, we turn to the sanctions to be imposed. Under WIS. STAT. RULE 809.25(3)(a), when an appeal is found to be frivolous, we "shall award to the successful party costs, fees and reasonable attorney fees . . . ." incurred in litigating the appeal. We do so and remand to the circuit court for a determination of the costs, fees and reasonable attorney's fees incurred by the respondents in these two appeals. *See Minniecheske v. Griesbach*, 161 Wis. 2d 743, 746, 468 N.W.2d 760 (Ct. App. 1991). To make this sanction effective and meaningful and in recognition that Puchner has litigated frequently, unsuccessfully, frivolously and to harass Hepperla, we bar Puchner from commencing proceedings in this court and the circuit court arising from,

relating to or involving Hepperla until the costs, fees and reasonable attorney's fees are paid in full.[5]

¶ 7. Frivolous actions hinder a court's ability to function efficiently and effectively and to fairly administer justice to litigants who have not brought frivolous actions. A court may exercise its inherent power to ensure that it "functions efficiently and effectively to provide the fair administration of justice," *City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749–50, 595 N.W.2d 635 (1999), and to control its docket with economy of time and effort, *Rupert v. Home Mutual Insurance Co.*, 138 Wis. 2d 1, 7, 405 N.W.2d 661 (Ct. App. 1987). A court faced with a litigant who brings frivolous litigation has the authority to limit that litigant's access to the court. *Minniecheske*, 161 Wis. 2d at 748. Otherwise, such a litigant may be undeterred from bringing frivolous litigation. *See id.*

¶ 8. "[W]hile persons have a constitutional right to access to the courts, that right is neither absolute nor unconditional." *Village of Tigerton v. Minniecheske*, 211 Wis. 2d 777, 785, 565 N.W.2d 586 (Ct. App. 1997). We think this is particularly true where a litigant has been found to commence litigation for the purpose of harassment. In appeal no. 98–2853, the circuit court determined that Puchner's defamation action was frivolous under WIS. STAT. § 814.025(3) (1997–98). The

---

[5] We acknowledge that Puchner has two other appeals pending in this court, *Hepperla v. Puchner*, appeal no. 00–3360, and *Puchner v. Hepperla*, appeal no. 00–3361. Puchner may continue to litigate these appeals because they were commenced prior to the date of this opinion. However, Puchner is warned that these appeals are subject to a review for frivolousness and the imposition of monetary and other sanctions if they are deemed frivolous.

court found that the defamation action and Puchner's other proceedings and filings "were part of a counterattack by [Puchner] bent on harassing and punishing Hepperla and her attorney for the post-[divorce] judgment proceedings." The court ruled that the defamation action was "commenced in bad faith for purposes of harassing and punishing another contrary to Section 814.025(3)(a)." Therefore, the court ordered Puchner to pay costs and actual attorney's fees to Hepperla.[6]

¶ 9. The records of this court reflect the extent to which Puchner has invoked the scarce resources of this court in his postdivorce disputes involving Hepperla. Puchner's brief in appeal no. 98–3446 is an example of his use of the courts to harass Hepperla. Barring Puchner from involving Hepperla in litigation until the sanction is paid promotes the efficient functioning of the courts and is narrowly tailored to punish Puchner for pursuing frivolous litigation and to deter him from doing so in the future. *See Minniecheske*, 161 Wis. 2d at 748.

¶ 10. The clerk of this court is instructed to return unfiled any document submitted by Puchner relating to any matter arising from, relating to or involving Hepperla.[7] On remand, the circuit court shall enter whatever order is necessary to give direction to the clerk of the circuit court relating to this opinion's

---

[6] Attorney O'Neill represented both Hepperla and her mother in the defamation action.

[7] Puchner is not barred from filing documents in the circuit court and this court responding to any action commenced by Hepperla or any criminal proceeding commenced against him, or seeking habeas corpus relief for himself or challenging incarceration.

prohibition on future filings by Puchner. The clerk of this court will resume accepting Puchner's documents for filing if the documents are accompanied by an order of the circuit court indicating that Puchner has paid the costs, fees and reasonable attorney's fees awarded by the circuit court on remand.

*By the Court.*—Orders affirmed and causes remanded with directions.