COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1433**

STATE OF WISCONSIN

Cir. Ct. No. 2006FA6891

IN COURT OF APPEALS
DISTRICT I

---

IN RE THE MARRIAGE OF:

KIMBERLY C. NIEMI F/K/A KIMBERLY HYING,

JOINT-PETITIONER-RESPONDENT,

V.

MARTIN B. HYING,

JOINT-PETITIONER-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: DENNIS FLYNN, Reserve Judge. *Affirmed and cause remanded with directions.*

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   In this post-divorce litigation, Martin Hying, *pro se*, appeals a circuit court order entered on April 23, 2019, determining that he owes the guardian *ad litem* $2,663.08 in attorney's fees.  We affirm the order.  We also conclude that Hying's appeal is frivolous.  We therefore remand this matter to the circuit court for a determination of costs, fees, and reasonable attorney's fees related to this appeal, and we impose a limitation on Hying's future litigation in this court.

## Background

¶2     Hying and Kimberly Niemi f/k/a/ Hying divorced in November 2007.  Hying has pursued numerous postjudgment appeals and writs, and we have determined that three of his appeals were frivolous.[1]  Most recently, we reviewed a circuit court order arising out of a contempt proceeding in which the circuit court permitted Hying to avoid incarceration by making certain payments to the guardian *ad litem* and to Niemi's attorney.  *See Niemi v. Hying* (*Hying X*), No. 2017AP313, unpublished op. and order (WI App July 31, 2018).  We affirmed, and we concluded that the appeal was frivolous.  *See id.* at 2.  Following remittitur, Attorney Phillip Arieff, who serves as the current guardian *ad litem* for

---

[1] The postjudgment litigation in this matter includes:  *Hying v. Hying* (*Hying I*) No. 2010AP914, unpublished slip op. (WI App Apr. 6, 2011), *State ex rel. Hying v. Circuit Court* (*Hying II*), No. 2011AP1899-W, unpublished op. and order (WI App Sept. 28, 2011), *Hying v. Hying* (*Hying III*), No. 2011AP1430, unpublished slip op. (WI App May 30, 2012), *Hying v. Hying* (*Hying IV*), No. 2012AP2019, unpublished op. and order (WI App Feb. 7, 2013), *Hying v. Hying* (*Hying V*), No. 2014AP1780, unpublished slip op. (WI App Jan. 26, 2016), *State ex rel. Hying v. Circuit Court* (*Hying VI*), No. 2016AP317-W, unpublished op. and order (WI App May 23, 2016) , *State ex rel. Hying v. Circuit Court* (*Hyng VII*),No. 2016AP1896-W, unpublished op. and order (WI App Oct. 13, 2016) , *Hying v. Hying* (*Hying VIII-IX*), Nos. 2016AP137 and 2016AP1446, unpublished op. and order (WI App Aug. 16, 2017)(deemed frivolous), and *Niemi v. Hying*(*Hying X*), No. 2017AP313, unpublished op. and order (WI App July 31, 2018) (deemed frivolous).

the parties' minor child, filed a motion in November 2018 to adjudicate guardian *ad litem* fees.

¶3 The circuit court held a hearing on March 20, 2019, and received testimony and other evidence from Hying and from Attorney Arieff. The circuit court credited Attorney Arieff's testimony that he charges an hourly rate in this case that is at the low end of the range of rates normally charged in Milwaukee County by guardians *ad litem* with his experience and credentials. The circuit court also credited Attorney Arieff's testimony that his work in this case was necessary in the performance of his role as advocate for the best interests of the minor child and that $2,663.08 was Hying's share of the fee for that work. The circuit court therefore awarded Attorney Arieff that amount and required Hying to pay the fee at the rate of $150 per month. Hying appeals.

## Discussion

¶4 Compensation of a guardian *ad litem* rests in the discretion of the circuit court. *See Lacey v. Lacey*, 45 Wis. 2d 378, 389, 173 N.W.2d 142 (1970); *see also* WIS. STAT. § 767.407(6) (2017-18).[2] The standard that we apply when reviewing discretionary decisions is well known and requires only a brief summary here. We will uphold a discretionary decision if the circuit court considered the relevant facts, applied a proper legal standard, and reached a reasonable conclusion. *See State v. Edmunds*, 2008 WI App 33, ¶8, 308 Wis. 2d 374, 746 N.W.2d 590. We will not disturb a circuit court's factual findings unless they are clearly erroneous. *See Dickman v. Vollmer*, 2007 WI App 141, ¶14, 303

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

3

Wis. 2d 241, 736 N.W.2d 202. "We do not reweigh the evidence or reassess the witnesses' credibility." *Id.*

¶5      Hying first contends that Attorney Arieff was not entitled to the fees he incurred in responding to a motion that Hying filed in June 2018, in which Hying alleged that Attorney Arieff was in contempt of court.[3]  Hying begins by summarizing a 2014 circuit court order that requires him to pay a $1,500 deposit with any motion he files, and he notes that the money is "to apply to any GAL fees or attorney's fees in connection with the motion."  Hying then emphasizes that he made the required deposit when he filed the June 2018 contempt motion and that the circuit court signed an order in July 2018 directing the return of the deposit to him.  According to Hying, the order returning the deposit constituted an "implicit and understood remedial sanction" against the guardian *ad litem* and a determination that the guardian *ad litem* was not entitled to any fees in connection with the contempt motion.

¶6      The circuit court considered and rejected Hying's arguments.  It described Hying's position as "a contorted approach" that "simply makes no sense."  The circuit court went on to explain that it returned the deposit to Hying as a matter of equity because $1,500 is "a lot of money to have sitting around."  Hying now renews his arguments in this court, but we too conclude that they are meritless.

¶7      First, the rule is well settled that we normally defer to a circuit court's interpretation of its own orders.  *See **Thorp v. Town of Lebanon***, 225

---

[3] The record reflects that the circuit court entered an order dismissing the motion for contempt.

Wis. 2d 672, 683, 593 N.W.2d 878 (Ct. App. 1999), *aff'd*, 2000 WI 60, 235 Wis. 2d 610, 612 N.W.2d 59. Hying fails to cite any legal authority demonstrating that we should not apply that rule here.

¶8 Second, Hying fails to cite any legal authority supporting his theory that the return of the deposit constituted either a sanction or an order that the guardian *ad litem* was not entitled to fees. Indeed, the sole citation in this portion of Hying's submission is a footnote directing our attention generally to **Evans v. Luebke**, 2003 WI App 207, 267 Wis. 2d 596, 671 N.W.2d 304. Hying, however, does not point us to a page or paragraph in that case to explain the purpose of his footnote, nor he does offer a quotation or an explanation showing how **Evans** supports his contentions. Our review of **Evans** satisfies us that it does not in any way bolster Hying's claims that, by returning his deposit, the circuit court sanctioned the guardian *ad litem* or prospectively rejected the guardian *ad litem*'s request for fees. As an experienced *pro se* litigator, Hying knows or should know that in the absence of adequate briefing and supporting authority, his claims lack merit. *See* **State v. Flynn**, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994).

¶9 Hying next argues that the guardian *ad litem* is not entitled to certain fees because they arise from Hying's allegations that the guardian *ad litem* had neglected his duties. Hying states: "fees related to a motion for failure to perform court ordered duties are not 'necessary work' and repeatedly filing them with Hying and the court is a fraudulent act [sic]." The circuit court determined as a factual matter, however, that all of the guardian *ad litem*'s fees were incurred "for services provided under [o]rder of the [c]ourt" and further found "that there is not, and has not been since being appointed, anything 'fraudulent' in regard to Attorney Arieff's GAL billings." Hying disagrees with those findings, but he fails

5

to offer a citation to any legal authority supporting his theses that the billings constituted a fraud or that the guardian *ad litem*'s work was unnecessary. Accordingly, the arguments lack merit. *See **id.***

¶10     Hying next argues that a portion of a 2016 payment he made to Niemi's counsel should have been but was not "forwarded [to Attorney Arieff] and thus the claim of nonpayment resides with [Niemi's counsel] and not Hying." The circuit court disagreed. It found that the credible evidence did not establish any failure by Niemi's counsel to distribute guardian *ad litem* payments appropriately. The only authority that Hying offers to support his contrary position is contained within his conclusory assertion that "[g]arnishment (Wis Stat. 812) and wage assignment (Wis. Stat. 788.30) statues [sic] exist to avoid this redundant litigation and protect the debtor, Hying." This court, however, has told Hying on multiple occasions that efforts to enforce his financial obligations in this case are properly addressed as family law matters. *See **Hying X***, No. 2017AP313 at 9 (quoting ***Hying v. Hying*** (***Hying VIII-IX***), Nos. 2016AP137 and 2016AP1446, unpublished op. and order (WI App Aug. 16, 2017)). In light of our discussion in ***Hying VIII-IX*** and ***Hying X***, Hying knew or should have known that our determination in those cases constitutes the law of this case and therefore governs here. *See **Laatsch v. Derzon***, 2018 WI App 10, ¶40, 380 Wis. 2d 108, 908 N.W.2d 471. Hying does not present any argument or authority from which we might reach a contrary conclusion. Accordingly, his argument is meritless.

¶11     Hying next argues that Attorney Arieff and the circuit court "relied on unsubstantiated evidence" to support the claim for guardian *ad litem* fees. Specifically, Hying complains about the hearing's exhibit six, a bill dated January 14, 2011. The bill reflects that it was prepared by the predecessor guardian *ad litem*, Attorney Martin Gagne, and by its terms the bill seeks

6

$13,010.25 from Hying for fees incurred through January 13, 2011. Attorney Arieff explained that he offered exhibit six to show that Hying had not paid Attorney Gagne the amounts owed to him and to "undermine[] some of [Hying's] arguments about Hying's specific aversion to [Attorney Arieff].... [T]here's an aversion to any guardian *ad litem* that does not recommend in a way that [Hying] does not feel is favorable to him." Hying objected to admission of exhibit six, alleging that the 2011 bill was not previously filed in this case. The circuit court overruled the objection. Hying seeks relief on the ground that the circuit court erred in admitting the exhibit.

¶12 Hying's argument is meritless. As an experienced *pro se* litigator, Hying knows or should know that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." *See* WIS. STAT. § 901.03(1). Hying also knows or should know that the admission of exhibit six as evidence did not adversely affect his substantial rights because the exhibit merely duplicated facts established elsewhere in the record. Specifically, the record shows that the circuit court entered an order on March 30, 2011, finding that Hying, by his own admission, had not made a payment to Attorney Gagne since September 20, 2008, and further finding that "in his proposed findings of fact and order in this matter, Attorney Gagne submitted an updated bill ... through January 13, 2011, for a total owing Mr. Gagne in the amount of $13,010.25."[4] The March 30, 2011 order also included the circuit court's finding that, upon review of Attorney Gagne's bills, each was "reasonable

---

[4] The record shows that on January 14, 2011, Attorney Gagne submitted a letter to the circuit court stating that he was enclosing a copy of his proposed findings of fact and conclusions of law and had included a copy of his current bill.

and consistent with local practice." Moreover, when Hying pursued an appeal of the March 30, 2011 order, our affirmance expressly noted his admission to the circuit court that "he was not paying the guardian *ad litem*'s bills ... because, in his view, the guardian *ad litem* was engaging in 'contemptuous behavior.'" *See Hying v. Hying* (*Hying III*), No. 2011AP1430, unpublished slip op. ¶21 n.9 (WI App May 30, 2012) (italics added).

¶13 Accordingly, exhibit six duplicated circuit court findings from 2011 that this court affirmed on appeal. Hying offers no legal authority demonstrating that admitting the exhibit adversely affected his rights under these facts. His allegation is thus wholly meritless.[5] *See Flynn*, 190 Wis. 2d at 39 n.2.

¶14 Hying next claims that the circuit court judge had "an obligation to recuse himself for the appearance of bias" pursuant to WIS. STAT. § 757.19(2)(g). Hying, however, did not move the circuit court to recuse itself from the March 20, 2019 proceeding.[6] As an experienced *pro se* litigator, Hying knows or should

---

[5] For the sake of completeness, we briefly address Hying's contention that exhibit six was "absent from the record for eight years" and was "fabricated by the court" on January 22, 2019. Hying offered no proof in support of these allegations. We observe that the record in this case reflects that numerous circuit court documents were saved electronically in January 2019. Among them were items that the circuit court clerk described in a January 22, 2019 docket entry as "other papers" and characterized as "unidentified/unattached documents." The record that reached this court further reflects that these papers included the January 2011 Gagne bill. It is not unusual for large court records to include unattached and unidentified documents that the clerk cannot more specifically connect to an event in the case. Indeed, the record reflects that the circuit court clerk routinely transmitted the record for Hying's past appeals with an envelope containing "unidentified/unattached documents." In sum, Hying's assertion that the circuit court "fabricated" a document in January 2019, is merely a scurrilous allegation and is wholly lacking in merit. *Cf. Puchner v. Hepperla*, 2001 WI App 50, ¶5, 241 Wis. 2d 545, 625 N.W.2d 609.

[6] Hying unsuccessfully moved the circuit court to impanel an advisory jury on the ground that the judge "had a history of what [Hying] consider[ed] biased behavior in regards to the guardian *ad litem*." Hying did not, however, ask the circuit court to recuse itself. On appeal, Hying does not renew his claim that he was entitled to an advisory jury.

know the well-established rule that "[i]f the appellant has failed to present an issue, he may not raise it for the first time on appeal as a matter of right and have it considered on appeal." *See Gauer v. Gauer*, 34 Wis. 2d 451, 458, 149 N.W.2d 533 (1967). This rule has particular weight here, because "the determination of the existence of a judge's actual or apparent inability to act impartially in a case is for the judge to make." *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 183, 443 N.W.2d 662 (1989). Accordingly, this claim lacks merit.

¶15 Hying appears to argue in his reply brief that he is entitled to "full reversal of th[e circuit court's] decision" because he was not served with a February 18, 2019 notice of the March 20, 2019 hearing. Hying did not make this argument in his opening brief. Hying also did not move the circuit court to deny the guardian *ad litem*'s motion for fees on the ground that Hying did not receive the February 18, 2019 notice. As an experienced *pro se* litigant, Hying knows or should know that he may not present an argument as a matter of right for the first time in his reply brief. *See Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶30

n.6, 305 Wis. 2d 658, 741 N.W.2d 256.  Accordingly, a claim for relief based on the alleged error is wholly meritless.[7]

¶16     Finally, Hying appears to suggest that, because the February 18, 2019 hearing notice was not included in the appellate record, the notice is a "non-public" document that has been hidden from view.  He goes on to suggest that this constitutes grounds for reversal.  As an experienced *pro se* litigator, Hying knows or should know that the appellate record is not necessarily identical to the circuit court record.  The former is required to include only those documents that satisfy WIS. STAT. RULE 809.15(1).  If Hying believed that the February 18, 2019 notice fell within the scope of RULE 809.15(1), or if he believed that the notice was important to his appellate claims, he knew or should have known that he could move to supplement the appellate record with that document.  *See* RULE 809.15(3).  Moreover, Hying knew or should have known that when a document is missing from the appellate record, we assume that the document supports the circuit court's ruling.  *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36,

---

[7] Again for the sake of completeness, we note that Hying alleged early in the March 20, 2019 hearing that he "did not recall having received" the February 18, 2019 notice of hearing, and the circuit court did not challenge the scope of his recollection.  The circuit court established, however, that its clerk sent the notice of hearing to Hying at his correct mailing address.  Accordingly, Hying's assertion that he is entitled to relief based on a failure of service is meritless: "[s]ervice by mail is complete upon mailing."  *See* WIS. STAT. § 801.14(2).  Moreover, Hying does not demonstrate that he has a meritorious basis for relief even if, as he implies, he did not receive the notice that the clerk mailed to him.  As an experienced *pro se* litigant, Hying knows or should know the long-established rule that "[t]o entitle an appellant to prevail on his appeal it is necessary for him to show, not only that the error complained of was committed, but that it operated to his prejudice."  *See **Kalb v. Luce***, 239 Wis. 256, 260, 1 N.W.2d 176 (1941).  Here, Hying fails to show how he was prejudiced by his alleged failure to receive the hearing notice.  He conceded at the hearing that he knew about the proceeding in advance because he monitored the circuit court's electronic docket.  Further, the circuit court denied the guardian *ad litem*'s motion to enforce the pretrial deadline for filing documents that was included in the hearing notice.  Instead, the circuit court admitted Hying's proposed exhibits on the day of the hearing.

376 Wis. 2d 448, 899 N.W.2d 381. Accordingly, Hying's suggestion that he is entitled to a reversal of the April 23, 2019 order because the hearing notice is absent from the appellate record is wholly meritless.

¶17 We turn to the question of whether Hying's appeal is frivolous.[8] We may declare an appeal frivolous if we conclude that Hying "knew, or should have known, that the appeal ... was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *See* WIS. STAT. RULE 809.25(3)(c)2. An appeal is frivolous if we determine that it is frivolous in its entirety. *See **Howell v. Denomie***, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621.

¶18 We conclude that Hying's appeal is entirely frivolous. Our discussion of the issues presented reflects that Hying's arguments lack any merit and that Hying, as an experienced *pro se* litigator, knew or should have known that they were meritless. We have not in the past, and we will not now, excuse Hying's frivolous litigation merely because he is a *pro se* party. The purposes of sanctions include discouraging frivolous actions, *see **Holz v. Busy Bees Contracting, Inc.***, 223 Wis. 2d 598, 609, 589 N.W.2d 633 (Ct. App. 1998), and compensating those forced to defend frivolous litigation, *see **Jandrt v. Jerome Foods, Inc.***, 227 Wis. 2d 531, 576-77, 597 N.W.2d 744 (1999). The purposes are the same regardless of whether the party opposing the frivolous litigation is represented by counsel or *pro se*, and, to the extent that sanctions against Hying to date have been unsuccessful in accomplishing deterrence, they are all the more

---

[8] Niemi, by counsel, filed a respondent's brief and a motion seeking costs and fees on the ground that the appeal was frivolous. Attorney Arieff filed a statement alleging that the appeal was frivolous and advising that, to minimize costs to the parties, he would not file a brief.

necessary to ensure that he compensates opposing parties for the needless burden he imposes upon them. Accordingly, we remand this matter to the circuit court with directions to determine Niemi's reasonable costs, fees, and attorney's fees incurred in the instant appeal and to enter an order requiring Hying to pay those costs, fees, and attorney's fees.

¶19 We will also limit Hying's future activity in this court until the outstanding fees owed to the guardian *ad litem* pursuant to the circuit court's April 23, 2019 order are paid in full. "A court faced with a litigant who brings frivolous litigation has the authority to limit that litigant's access to the court." *Puchner*, 241 Wis. 2d 545, ¶7.

¶20 Hying's frivolous litigation consumes finite judicial resources and harms other litigants by delaying this court in its review of their meritorious claims. *See id.* Accordingly, to aid the effective and efficient administration of justice, we exercise our inherent authority to impose limitations on Hying's litigation. Specifically, Hying may not, without first obtaining leave of this court, pursue any motion in this court or any appeal in which either Kimberly Niemi f/k/a/ Hying or Attorney Phillip Arieff is a respondent or an interested party unless Hying files with this court a document that the circuit court has signed confirming that Hying has paid the entirety of the $2,663.08 in guardian *ad litem* fees that the circuit court required Hying to pay in its order of April 23, 2019. No identified or potential respondent to Hying's litigation in which Niemi or Attorney Arieff is a respondent or an interested party will be required to respond to any motion in this court or to any appeal that Hying files unless and until this court has either requested a response from such entity or granted Hying permission to proceed. We emphasize that the limitations imposed here are in addition to any other limitations imposed on Hying's litigation.

*By the Court.*—Order affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.