FL HUNTS, LLC and Field Logic, Inc.,
Plaintiffs-Appellants,

v.

Michael WHEELER,
Defendant-Respondent.

Court of Appeals

*No. 2008AP2506. Submitted on briefs April 21, 2009.
—Decided December 15, 2009.*

2010 WI App 10

(Also reported in 780 N.W.2d 529.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Anna C. Mickelson* of *Hanft Fride*, of Duluth, Minnesota.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Parrish J. Jones* and *Mitchell A. Routh* of *Knudson, Gee, Torvinen & Jones, S.C.* of Superior.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Field Logic, Inc., and FL Hunts, LLC, (collectively, Field Logic) appeal an order dismissing their action against Michael Wheeler for lack of personal jurisdiction. We affirm.

## BACKGROUND

¶ 2. Field Logic, Inc., a Wisconsin corporation, and FL Hunts, LLC, a Wisconsin limited liability company and Field Logic, Inc.'s wholly owned subsidiary, are headquartered in Superior, Wisconsin. Field Logic, Inc., produces and distributes hunting products, while

FL Hunts provides wild game hunting services. Wheeler, a resident of Kansas, contacted Field Logic after using one of its products and inquired about the possibility of a sponsorship arrangement. On January 1, 2003, Field Logic hired Wheeler to guide whitetail deer and turkey hunts primarily in Kansas.

¶ 3. Wheeler visited Superior in 2004 and signed an employment agreement negotiated partially in Wisconsin.[1] FL Hunts agreed to pay Wheeler a portion of any sponsorship money received from manufacturers for Wheeler's endorsement and use of the manufacturers' equipment during guided hunts. FL Hunts promised to continue sending sponsorship payments for three years following Wheeler's termination.

¶ 4. Field Logic filed a summons and complaint on November 5, 2007, alleging Wheeler breached the employment agreement by failing to return company financial information following his termination on December 31, 2006. Field Logic alleged the information was necessary to conduct a full accounting of sponsorship proceeds and meet its obligations under the employment agreement. The companies requested an order requiring Wheeler to render an accounting of all sponsorship payments he received during his employ-

---

[1] The parties dispute the duration of the negotiations and timing of the agreement's signing. Field Logic contends the negotiations took place over a four-day period in Wisconsin and culminated in the agreement's signing in this state. Wheeler maintains he traveled to Wisconsin to discuss company financials. He claims he discussed the contract only briefly and contends the agreement was reached over e-mail long after his visit. Whichever version is correct, it is undisputed that Wheeler visited Wisconsin for a four-day period and negotiated some of his employment agreement in this state during that time.

ment, return company financial records and equipment, and make any payments required under the employment agreement.

¶ 5. Wheeler filed his answer and raised lack of personal jurisdiction as an affirmative defense. Wheeler also filed a motion to dismiss the action for lack of personal jurisdiction. Affidavits filed in response to the motion reveal the following undisputed facts. Wheeler traveled to Wisconsin at least once per year to discuss the operations in Kansas. At no time did Wheeler guide hunts in Wisconsin. While the agreement was in effect, Field Logic maintained regular contact with Wheeler via phone and e-mail. Throughout the course of the employment agreement, Field Logic shipped, from Wisconsin, hunting equipment manufactured by it to Kansas upon Wheeler's request. All the equipment remains, or was disposed of, in Kansas.

¶ 6. The circuit court held a nonevidentiary hearing on the motion to dismiss. Field Logic argued personal jurisdiction was appropriate under WIS. STAT. §§ 801.05(1)(d) and 801.05(5)(d).[2] The circuit court rejected Field Logic's arguments and dismissed the action.[3]

## DISCUSSION

¶ 7. Field Logic contends Wisconsin courts may exercise personal jurisdiction over Wheeler. Whether a court has personal jurisdiction is a question of law

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version.

[3] Field Logic also unsuccessfully argued WIS. STAT. § 801.05(4)(a) conferred personal jurisdiction. Field Logic abandons that argument on appeal.

subject to our independent review. *Druschel v. Cloeren*, 2006 WI App 190, ¶ 6, 295 Wis. 2d 858, 723 N.W.2d 430. The first step in determining whether a court has personal jurisdiction over a defendant involves analyzing whether Wisconsin's long-arm statute confers jurisdiction. *Id.* The interpretation and application of a statute are questions of law that we review de novo. *Bushelman v. Bushelman*, 2001 WI App 124, ¶ 11, 246 Wis. 2d 317, 629 N.W.2d 795. The plaintiff bears the burden of establishing jurisdiction under the long-arm statute. *Lincoln v. Seawright*, 104 Wis. 2d 4, 9, 310 N.W.2d 596 (1981). We construe the statute liberally in favor of exercising jurisdiction. *Id.*

¶ 8. Our ability to liberally construe the long-arm statute is limited by fundamental principles of statutory construction. If the language of a statute is unambiguous, we will ordinarily stop the inquiry and apply the statute in accordance with its plain meaning. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language will be given its common, ordinary, and accepted meaning. *Id.* "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. "[T]he court is not at liberty to disregard the plain, clear words of the statute." *Id.* (citation omitted).

¶ 9. On appeal, Field Logic contends personal jurisdiction is appropriate under two subsections of Wis. Stat. § 801.05, one conferring general personal jurisdiction and one conferring specific jurisdiction. "A court may exercise general jurisdiction over a defendant who

has 'continuous and systematic' contacts with the forum state. The question of whether a court may exer[cise] specific jurisdiction is less encompassing—it focuses on 'the relationship among the defendant, the forum, and the litigation.' " *Harley-Davidson Motor Co. v. Motor Sport, Inc.,* 960 F. Supp. 1386, 1391 (E.D. Wis. 1997) (citation and quotation omitted). Field Logic argues WIS. STAT. § 801.05(1)(d) confers general jurisdiction, while § 801.05(5)(d) confers specific jurisdiction. We consider each provision separately.

## A. WISCONSIN STAT. § 801.05(1)(d)

■■■■

¶ 10. Field Logic asserts the circuit court may exercise personal jurisdiction over Wheeler pursuant to WIS. STAT. § 801.05(1)(d), which provides:

> A court of this state [has] jurisdiction . . . over a person . . .
>
> (1) . . . In any action whether arising within or without this state, against a defendant who when the action is commenced:
>
> . . . .
>
> (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

The circuit court interpreted the phrase "when this action is commenced" to restrict its analysis of Wheeler's contacts with Wisconsin to the time period between Wheeler's termination and the commencement of the action. Wheeler argues the circuit court properly limited the time frame within which his contacts with Wisconsin may be assessed. We disagree.

¶ 11. WISCONSIN STAT. § 801.05(1)(d) plainly requires the circuit court to analyze a defendant's contacts at the time the action is commenced. In concluding it had no jurisdiction, the circuit court looked back over a period of ten months to determine whether Wheeler had the requisite contacts. Although the court ultimately concluded he did not (and correctly, as we shall explain), it was error for the circuit court to analyze Wheeler's contacts preceding the commencement of the action—that is, the time "when a summons and a complaint naming the person as defendant are filed with the court." WIS. STAT. § 801.02.

¶ 12. This interpretation is consistent with both state and federal case law. In *Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 159 Wis. 2d 230, 234, 464 N.W.2d 52 (Ct. App. 1990), we concluded a South Carolina defendant was engaged in isolated activities where the most recent contact of the defendant was a product order placed more than two years before the action was commenced. We reached that conclusion despite the fact that the defendant had an earlier business relationship with the plaintiff spanning thirteen years. *Id.* at 233. Furthermore, a federal court has recently rejected a plaintiff's attempt to invoke WIS. STAT. § 801.05(1)(d) in a factually similar situation:

> The difficulty with Veolia's argument, however, is that it ignores the clear and unambiguous language of the statute that requires analysis of the defendant's activities in Wisconsin "when the action is commenced." Veolia has arguably shown that Malin was engaged in substantial and not isolated activities in Wisconsin when the claim arose, but that is not what the statute requires. So far as the record reveals, Veolia was Malin's only customer in Wisconsin. That relationship terminated, however, when the parties became embroiled in litigation in Louisiana in February of 2008, more than

a year before Veolia commenced this action on April 6, 2009. And since Malin had no other customers in Wisconsin, it can hardly be said that it still had a substantial presence here after that time.

*Veolia Es Special Servs. v. Malin Int'l Ship Repair & Drydock, Inc.*, No. 2009–363, slip op. at 5 (E.D. Wis. July 24, 2009) (citation omitted).

■■

¶ 13. The trial court reached the correct conclusion despite its misinterpretation of the long-arm statute. The court properly concluded Wheeler did not have the requisite contacts establishing personal jurisdiction. "Generally, a defendant has 'substantial and not isolated' contacts with the state if the defendant 'solicit[s], create[s], nurture[s], or maintain[s], whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state.'" *Druschel*, 295 Wis. 2d 858, ¶ 7 (quoting *Stauffacher v. Bennett*, 969 F.2d 455, 457 (7th Cir. 1992)). Specifically, we consider five factors when analyzing whether a defendant has substantial contacts: (1) the quantity of the contacts; (2) the quality of the contacts; (3) the source of the contacts and their connection with the cause of action; (4) the state's interest; and (5) the convenience of the parties. *Id.*, ¶ 8. These factors are encompassed within the due process framework set forth by the United States Supreme Court in its personal jurisdiction cases. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 23 n.9, 245 Wis. 2d 396, 629 N.W.2d 662.

■■

¶ 14. In this case, the record reveals Wheeler had no contact with Wisconsin at the time the action was commenced on November 5, 2007. Though the employ-

748

ment agreement obligates Field Logic to pay Wheeler for three years following his termination, it appears Field Logic has severed its relationship with Wheeler completely. No evidence in the record indicates Wheeler received post-termination payments. Moreover, Wisconsin courts could not exercise personal jurisdiction under Wis. Stat. § 801.05(1)(d) even if post-termination payments had been made. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Payments by Field Logic to Wheeler in Kansas pursuant to the employment agreement would not constitute the "substantial" contacts contemplated by the long-arm statute. *See Towne Realty, Inc. v. Bishop Enters.*, 432 F. Supp. 691, 694 (E.D. Wis. 1977) (payment for services rendered outside Wisconsin do not support general personal jurisdiction), *overruled on other grounds by Nw. Nat'l Ins. Co. v. Frumin*, 739 F. Supp. 1307, 1310 (E.D. Wis. 1990).

¶ 15. Field Logic argues personal jurisdiction is appropriate because in the course of post-termination settlement negotiations "[t]he parties exchanged written correspondence regarding the terms of the [employment agreement] and the information Field Logic was requesting from Wheeler." The circuit court was not persuaded by this argument, nor are we. The record does not reveal Wheeler ever responded to Field Logic or its counsel. Additionally, we note Field Logic is represented by a law firm located in Minnesota. Even if Wheeler was engaged in settlement negotiations at the time the action was commenced, contact with attorneys in Minnesota could not provide a basis upon which Wisconsin courts could exercise personal jurisdiction under Wis. Stat. § 801.05(1)(d). We conclude Wheeler is

not subject to the exercise of general personal jurisdiction by the courts of Wisconsin.

## B. Wisconsin Stat. § 801.05(5)(d)

¶ 16. Field Logic also claims a Wisconsin court may exercise personal jurisdiction pursuant to Wis. Stat. § 801.05(5)(d), which confers personal jurisdiction in any action that "[r]elates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction[.]" Under Field Logic's theory, the equipment it shipped Wheeler constituted "goods" to which this action relates. To determine whether an action relates to goods shipped from this state in a breach of contract action, we analyze the contract's provisions and the complaint's allegations. *Nagel v. Crain Cutter Co.*, 50 Wis. 2d 638, 644, 184 N.W.2d 876 (1971).

¶ 17. Jurisdiction is not appropriate under Wis. Stat. § 801.05(5)(d) because this action does not relate to the equipment Field Logic provided Wheeler. In *Sub-Zero*, we concluded the plaintiff's action related to goods shipped from this state even though the plaintiff sued for breach of a settlement agreement. *Sub-Zero*, 159 Wis. 2d at 233–34. However, the agreement in that case settled claims arising from sales contracts, a point critical to our decision. *Id.* at 234. Unlike *Sub-Zero*, this case does not involve a sales contract. Wheeler's contract established the terms of his employment and included a non-competition clause and provisions identifying the manner in which Wheeler would be compensated for his guiding activities. The agreement makes only one passing reference to equipment and lacks

provisions traditionally included in sales contracts. The contract allegedly breached is not one for the sale of goods.

¶ 18. The complaint also reveals the true nature of this action. The complaint raises claims for accounting and breach of contract. In neither claim does Field Logic contend Wheeler misappropriated anything other than company business records. Field Logic alleges this financial information "is necessary and indispensable to Field Logic and FL Hunts for the purposes of business record-keeping . . . ." The complaint refers to equipment only once, where Field Logic requests as relief a judgment ordering Wheeler to "return any and all property, including financial records and equipment, belonging to [Field Logic]." The complaint makes clear that Field Logic's primary purpose in this action is to recover business records, not the goods it shipped Wheeler as a result of his employment relationship.

¶ 19. Field Logic's argument before the circuit court confirms the principal objective of this action is payment of money due under the employment agreement. At the motion hearing, Field Logic's counsel responded to the court's observation that the complaint did not specify the nature of Wheeler's breach:

> Mr. Wheeler was paid certain funds to use Field Logic products . . . in these guided hunts. And the way that it was often run is that Mr. Wheeler was the one who obtained the funds and was supposed to remit Field Logic's portion to Field Logic once he was paid for the hunt.
>
> So, therefore, since a lot of the accounting was done on Mr. Wheeler's end and since we haven't received any documentation verifying how much is owed and . . . which of their products he has maintained, we have difficulty ascertaining how much is owed to Field Logic.

751

Since the alleged breach of the employment agreement is Wheeler's refusal to remit payments to Field Logic, personal jurisdiction is not conferred by WIS. STAT. § 801.05(5)(d). *See Nagel*, 50 Wis. 2d at 644–45 (no jurisdiction under subsection 801.05(5)(d) where alleged breach of licensing agreement was defendant's refusal to pay royalties).

*By the Court.*—Order affirmed.