COURT OF APPEALS
DECISION
DATED AND FILED

January 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP2167**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV4974

**IN COURT OF APPEALS
DISTRICT I**

TIBERIU KLEIN,

　　PLAINTIFF-APPELLANT,

　　V.

JAMIE LOUISE PADGETT, WINTERS SALZETTA OBRIEN AND RICHARDSON, ISBA MUTUAL INSURANCE, DAVID ALAN NOVOSELSKY, UNKNOWN INSURANCE OF DAVID NOVOSELSKY AND UNKNOWN INSURANCE OF JAIME PADGETT,

　　DEFENDANTS-RESPONDENTS.

　　　　APPEAL from an order of the circuit court for Milwaukee County: CARL ASHLEY, Judge. *Affirmed in part, reversed in part, and cause remanded with directions.*

　　　　Before Brash, C.J., Donald, P.J., and Dugan, J.

　　¶1　BRASH, C.J.　Tiberiu Klein, *pro se*, appeals an order of the trial court dismissing with prejudice all of his claims against multiple defendants, as well as

an order for sanctions which limits his ability to commence future litigation against the defendants in any Wisconsin court without first obtaining leave of the court to file the action.

¶2      For the reasons set forth herein, we affirm the trial court's order except with regard to the claims against defendant Jaime Louise Padgett, which we conclude should have been dismissed on the ground of lack of personal jurisdiction. We therefore reverse and remand that portion of this matter for further findings by the court, as explained in this opinion.

## BACKGROUND

¶3      The origins of this case date back to 2002 with the death of Klein's wife, Claudia Zvunca, who was struck and killed by a Greyhound bus in Colorado. There have been over a dozen lawsuits and numerous appeals filed in various state and federal courts relating to the accident, as well as disputes that arose among the interested parties. Those parties include the Estate of Claudia Zvunca; Cristina Zvunca, Claudia's daughter; Klein; and several attorneys who represented those parties at various times. Although difficult to discern from the amended complaint, the basis for the case that underlies this appeal appears to be associated with several actions relating to the accident that were filed in Illinois with the Cook County Circuit Court.[1]  These actions resulted in extensive litigation, including disputes between Klein and Cristina over the administration of the Estate.

---

[1]  Klein was apparently at least a part-time resident of Illinois when the Cook County cases were filed. Furthermore, in both his complaint and amended complaint for this action, he lists his home address as Illinois.

¶4 The defendants in this case were involved in those Cook County actions—at least allegedly—in some manner:

- David Alan Novoselsky, an attorney licensed in Illinois at the time, who was retained by Klein in 2008, but also represented Cristina and the Estate at various times;

- Padgett, an attorney licensed in Illinois, along with her former firm Winters Salzetta O'Brien and Richardson (WSOR),[2] who was hired by Cristina in June 2014 to represent the Estate after Klein was removed as the co-administrator of the Estate; and

- ISBA Mutual Insurance (which notes its correct entity name as Illinois State Bar Association Mutual Insurance Company), which asserts that Klein erroneously believes that it provided malpractice insurance to an unidentified defendant.

¶5 As relevant to this appeal, an action relating to Klein's wife's accident was filed in Cook County in 2007—which, as noted by the trial court in this case, stemmed from an underlying action filed in 2004—seeking recovery on various claims, including wrongful death. Another related action was filed in Cook County in 2014, and named Greyhound, as well as "most of the attorneys and legal representatives" involved in the earlier litigation, including Novoselsky, as defendants.

¶6 However, Novoselsky, who is a resident of Wisconsin, filed bankruptcy in July 2014 in the United States Bankruptcy Court for the Eastern

---

[2] Winters Salzetta O'Brien and Richardson was named as a defendant in Klein's original complaint, but were omitted from his amended complaint.

3

District of Wisconsin. An automatic bankruptcy stay was applied to cases in which Novoselsky was named a defendant, including the 2014 Cook County case.

¶7     In his debtor's schedules of property for the bankruptcy, Novoselsky included several claims relating to the Cook County cases, including a claim for $300,000 in unpaid legal fees against the Estate. As part of that proceeding, Klein filed a proof of claim in Novoselsky's bankruptcy in January 2016 for $6 million.

¶8     Sometime in February or early March 2016, Cristina moved to dismiss the 2014 Cook County case against all defendants, including Novoselsky, with prejudice. Furthermore, most of Novoselsky's claims relating to the Cook County cases were abandoned by the trustee in bankruptcy after determining that they had no value. Klein attempted to pursue those claims in a derivative action on behalf of the bankruptcy estate, but the bankruptcy court determined that he did not have standing to do so.

¶9     A multi-million dollar settlement for the wrongful death claim in the 2007 Cook County case was approved by an Illinois probate court in October 2016. Klein was a beneficiary to the settlement, but at that point was not a party to the action.[3] Klein challenged the settlement with numerous motions, including a motion to remove the matter to federal court. His motions were all denied.

¶10     Klein then filed the action underlying this appeal in June 2018.[4] He alleged numerous tort claims such as fraud and conspiracy against the various

---

[3] Klein had previously disclaimed his wrongful death claim in the 2007 Cook County case when he filed for bankruptcy.

[4] Klein also filed another action in 2019 in Milwaukee County against Novoselsky, Padgett, Padgett's counsel in this matter and their insurer. Although consolidated with this matter, the trial court indicated that the 2019 case would have a separate judgment, and it is not part of this appeal.

4

defendants, apparently on the belief that the 2014 Cook County case had actually been settled through the efforts of Padgett and Novoselsky, instead of being dismissed. The defendants responded by either filing answers or motions to dismiss. The trial court ultimately dismissed all the claims against all of the defendants on the merits.

¶11    Additionally, the trial court determined that Klein's "egregious conduct," consisting of his excessive filings and disregard of court orders, warranted the dismissal of the action with prejudice. Furthermore, the court issued an order restricting Klein from filing any further actions in any circuit court in Wisconsin against the defendants in this action without first obtaining leave to file from the court.[5]  This appeal follows.

## DISCUSSION

¶12    As noted above, the allegations in Klein's complaints in this action are very difficult to ascertain and understand. His briefs on appeal are equally convoluted. He generally does not present any cogent arguments; rather, his briefs are rife with conspiracy theories based on conjecture and speculation, and his legal theories are "supported" by citations that either are taken out of context or generally do not have any recognizable relevance.

¶13    Although we liberally construe filings by *pro se* litigants, *see **bin-Rilla v. Israel***, 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983), "[a] party must do more than simply toss a bunch of concepts into the air with the hope that either the

---

[5]  The order also requires Klein to obtain leave of the court to file any related actions against WSOR; Allied World Insurance Company; Thomas Terwilliger and Terwilliger, Wakeen, Piehler & Conway, S.C., Padgett's local counsel in this matter; Richard VanSwol, counsel for Padgett admitted *pro hac vice* in this matter; or "any of their employees, or shareholders arising from representation in opposition or support of Mr. Klein[.]"

trial court or the opposing party will arrange them into viable and fact-supported legal theories," *see* **State v. Jackson**, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Thus, to the extent that we address the merits of this appeal, we rely on our review of the record, including the trial court's analysis of the issues.

*Claims against Padgett*

¶14     We first address the claims against Padgett, with our analysis focusing on the issue of personal jurisdiction. Padgett argues that Wisconsin courts have no personal jurisdiction over her in this matter. In fact, Padgett raised this issue to the trial court in her motions to dismiss both the complaint and the amended complaint, but the court did not address it. Furthermore, the first issue Klein presents on appeal is that the trial court erred by not granting his motion to voluntarily dismiss the claims against Padgett—as well as ISBA—for lack of personal jurisdiction.

¶15     Padgett's personal jurisdiction argument is based on the provisions of WIS. STAT. § 801.05 (2019-20),[6] the long-arm statute for non-resident defendants. The long-arm statute grants the courts personal jurisdiction

> [i]n any action whether arising within or without this state, against a defendant who when the action is commenced:
>
> **(a)** Is a natural person present within this state when served; or
>
> **(b)** Is a natural person domiciled within this state; or
>
> **(c)** Is a domestic corporation or limited liability company; or

---

[6] All references to the Wisconsin Statutes are to the 2019-20 version, unless otherwise noted.

> **(d)** Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

Sec. 801.05(1). "Whether there is personal jurisdiction under Wisconsin's long-arm statute is a question of law that we review independently." ***Rasmussen v. General Motors Corp.***, 2011 WI 52, ¶14, 335 Wis. 2d 1, 803 N.W.2d 623. The burden is on the plaintiff to establish jurisdiction under the long-arm statute. ***FL Hunts, LLC v. Wheeler***, 2010 WI App 10, ¶7, 322 Wis. 2d 738, 780 N.W.2d 529.

¶16      Padgett asserts that none of the means for establishing jurisdiction under the long-arm statute are applicable to her, and the record supports that assertion. In fact, as noted above, Klein essentially concedes that there is no personal jurisdiction over Padgett in this action.

¶17      Because this issue was not addressed by the trial court, there are no factual findings relating to this issue for us to review. "Ordinarily the court of appeals is not authorized to make findings of fact." ***Pavlic v. Woodrum***, 169 Wis. 2d 585, 592, 486 N.W.2d 533 (Ct. App. 1992). However, "where there is no conflicting evidence or only one reasonable inference can be drawn from the evidence, the drawing of that inference is a question of law." ***Id.*** We conclude here that the only reasonable inference that can be drawn from the evidence in the record is that the trial court had no personal jurisdiction over Padgett in this matter. *See **id.***

¶18      "WISCONSIN STAT. § 801.05(1)(d) plainly requires the [trial] court to analyze a defendant's contacts at the time the action is commenced." ***FL Hunts, LLC***, 322 Wis. 2d 738, ¶11. In failing to do that here, the trial court erred. Not only did the trial court fail to consider personal jurisdiction over Padgett when she raised the issue in her motions to dismiss the complaint and amended complaint in October 2018 and November 2018, respectively, it also failed to consider Klein's

motion to voluntarily dismiss his claims against Padgett on the ground of lack of personal jurisdiction, which he filed in August 2019.

¶19   This is problematic as it relates to our review of the claims against Padgett on appeal, in particular because Padgett filed a motion for costs, fees, and attorneys' fees in this appeal, contending that it is frivolous. She filed a similar motion in the trial court but, again, the trial court did not address it. These motions are interrelated, in that the court's failure to consider personal jurisdiction regarding Padgett when it was raised in her motions to dismiss, or at the time Klein filed his motion to voluntarily dismiss the claims against Padgett, may in turn have affected the amount of costs, fees, and attorneys' fees that Padgett was forced to incur, not only at the trial court level, but also in defending this appeal.

¶20   The absence of findings by the trial court relating to the personal jurisdiction issue renders us unable to rule on Padgett's motion seeking costs, fees, and attorneys' fees for this appeal, because we cannot determine whether Klein raised a meritorious issue on appeal regarding the trial court's resolution—or lack thereof—of his motion for voluntary dismissal. To explain, an appeal may be deemed frivolous if it "was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another," or "[t]he party … knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. § 809.25(3)(c). However, Klein appears to have recognized that there was an issue with personal jurisdiction during the proceedings at the trial court when he filed his motion to voluntarily dismiss the claims against Padgett. This prompts the question of whether Klein raised a meritorious issue on appeal of whether the trial court erred in failing to consider that motion. Therefore, findings by the trial court regarding that motion

are necessary for the resolution of Padgett's motion for costs, fees, and attorneys' fees on appeal.

¶21    Moreover, we note that while the claims against Padgett were dismissed with prejudice on the merits, Klein's motion for voluntary dismissal requested dismissal without prejudice. Thus, although we generally may affirm the decision of the trial court if it "reaches the correct result based on erroneous reasoning," *see **Bence v. Spinato***, 196 Wis. 2d 398, 417, 538 N.W.2d 614 (Ct. App. 1995), the lack of consideration of his motion or findings on the personal jurisdiction issue by the trial court prevents us from doing so in this case.

¶22    We therefore reverse and remand this matter for findings with regard to the personal jurisdiction issue relating to Padgett. These findings should include whether Padgett is entitled to costs, fees, and attorneys' fees, and the amount to be awarded, if applicable, which in turn will depend on the trial court's determination of the appropriate time frame for dismissal—that is, at what point during the proceedings the claims against Padgett should have been dismissed: in response to Klein's motion to voluntarily dismiss his claims against Padgett; or earlier in the proceedings, when Padgett first raised the issue of personal jurisdiction in her motions to dismiss. Relatedly, the findings should also include an analysis of whether Padgett's claims remain dismissed with prejudice, or if they are dismissed without prejudice, in light of the fact that the ground for dismissal is now lack of personal jurisdiction.

*Claims against ISBA*

¶23    Similarly, Klein suggests that there is no personal jurisdiction over ISBA either, as it is also an "out[-]of[-]state defendant[]." However, ISBA's argument, both to the trial court and on appeal, instead focuses on the insurance

policies it has—or has not—issued to the parties in this action. As found by the trial court, ISBA established that it had never insured Padgett; that although at one point Novoselsky had a policy through ISBA, that policy expired January 1, 2008, and is outside of the 2010-2013 time frame for which Klein alleges wrongdoing by Novoselsky in his complaint; and that it had never insured WSOR, although it had previously issued a policy to a different firm—Winters Enright Salzetta O'Brien—but that policy had expired on July 22, 2007. In short, ISBA had no insurance policies in effect for any interested parties during the relevant time frame for this action.[7]

¶24 Furthermore, ISBA cites to WIS. STAT. § 632.24, the direct action statute. The direct action statute "predicates the liability to which an insurer is exposed on the liability of the insured; the right of action against the insurer exists only to the same extent it exists against the insured for his negligence." *Biggart v. Barstad*, 182 Wis. 2d 421, 428, 513 N.W.2d 681 (Ct. App. 1994). Moreover, the direct action statute "appl[ies] to liability insurance policies delivered or issued for delivery outside Wisconsin, so long as the 'accident, injury or negligence occurred in this state.'" *Casper v. American Int'l S. Ins. Co.*, 2011 WI 81, ¶72, 336 Wis. 2d 267, 800 N.W.2d 880 (citation omitted).

¶25 ISBA filed a motion for summary judgment with the trial court, which was granted. The court found that ISBA had no effective policies with any of the parties during the time frame relating to Klein's allegations, and further, because none of the injuries alleged by Klein occurred in Wisconsin, Klein cannot bring a

---

[7] Even if there was an error on Klein's part regarding the firm's name in his initial complaint, Klein eliminated WSOR as a party in his amended complaint, and did not name any other law firm.

direct action against ISBA. Therefore, the court determined that Klein's claims against ISBA fail as a matter of law.

¶26 We review the trial court's grant of summary judgment *de novo*, using the same standard; that is, summary judgment should be granted if there is "no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *See State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶12, 275 Wis. 2d 35, 683 N.W.2d 75.

¶27 Klein argues that the "evidence" he submitted with regard to ISBA—several cases from Illinois involving other attorneys who are not named in this action, but who he contends were involved in the 2014 Cook County case—supports his allegations against ISBA. On the contrary, these cases do not support Klein's claims, as they involve attorneys and firms other than those named in this action. *See Biggart*, 182 Wis. 2d at 428. Furthermore, Klein may not bring a direct action against ISBA because his claims do not involved any alleged injury that occurred in Wisconsin. *See Casper*, 336 Wis. 2d 267, ¶72. Therefore, Klein's claims against ISBA fail as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment in favor of ISBA.

*Claims against Novoselsky*

¶28 Personal jurisdiction is not at issue for the claims against Novoselsky due to his residency in Wisconsin; indeed, his bankruptcy was filed here. Rather, as a result of the seemingly endless litigation in Illinois with regard to this matter, the trial court rejected most of Klein's claims against Novoselsky on the basis of

claim preclusion.[8]  Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) (citations omitted).  This doctrine is "designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand."  *Id.* (citation omitted).  "[W]hether claim preclusion applies under a given factual scenario is a question of law" that this court reviews *de novo*.  *Id.* at 551.

¶29    In order to apply claim preclusion to the present case, three factors must be met:  "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction."  *Id.*  In our review of the convoluted history behind this case, along with the vague and conclusory allegations of Klein in his complaint, we conclude that the elements of claim preclusion have been met.  Indeed, the application of claim preclusion to these claims serves the purpose of precluding further litigation of the "vexatious, repetitious and needless" claims presented by Klein here.  *See id.* at 550 (citation omitted).

¶30    The two claims against Novoselsky that were not dismissed by the trial court on the basis of claim preclusion—a claim of civil assault and a claim of

---

[8] For these claims, as well as some claims against the other defendants, the trial court employed the Illinois statute of limitations in its reasoning for dismissing the claims; however, with our conclusions in this opinion, we do not reach an analysis of that reasoning.  *See Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 (stating that an appellate court should decide cases on the narrowest possible grounds).  Additionally, the trial court stated in its written decision that it would address issue preclusion with regard to its dismissal of some of the claims, but no discussion of issue preclusion was included in that decision.

contingent liability—were dismissed for failure to state a claim upon which relief may be granted. "The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998). "Whether a complaint properly pleads a cause of action is a question of law" which we review independently. *Id.*

¶31    Klein's allegations relating to these two claims do not contain any facts to support these claims. First, with regard to the civil assault claim, an assault occurs if (1) the defendant "intended to cause physical harm" to the plaintiff; and (2) the defendant acted to cause the plaintiff to reasonably believe that the defendant had "the present intent and ability to harm" the plaintiff. WIS JI—CIVIL 2004. According to Klein's complaint, during the incident when the alleged assault occurred, Novoselsky was not even present.

¶32    With regard to the claim for contingent liability, the trial court describes this claim as more of "an instruction" regarding any potential future payments that may be ordered as a result of valid claims by Klein or Cristina relating to this matter. Klein's allegations for this claim are rambling and essentially incoherent, and we can discern no facts to support the claim. Therefore, we conclude that he has failed to state a claim for these two causes of action, *see Hermann*, 215 Wis. 2d at 378, and thus they were properly dismissed by the trial court.

*Order for Sanctions and Dismissal with Prejudice*

¶33    Presumably, Klein filed this action in Wisconsin—adding to the jurisdictions in which he has commenced a lawsuit relating to his wife's accident and the ensuing litigation—because Novoselsky filed his bankruptcy action here. However, we note that the accident and all of the related litigation—including the

Cook County cases from which the allegations in this case seem to originate—all occurred elsewhere. We further observe that Klein has been prohibited from filing any additional lawsuits in Illinois regarding this matter due to the "frivolous and repetitious" nature of his previous filings, as well as being admonished by the bankruptcy court in the Eastern District of Wisconsin for his repetitious filings against Novoselsky in that court.

¶34    In this appeal, Klein also challenges the order issued by the trial court that restricts him from filing any further actions in Wisconsin against the defendants named in this action without first obtaining leave of the court. This order was issued by the trial court as a sanction for Klein's "egregious conduct" in litigating this case. This conduct as described by the court was also the basis for the court's dismissal of all Klein's claims with prejudice.

¶35    The trial court's description of Klein's egregious conduct included his excessive filings, which involved "more than one hundred pages of other motions, affidavits, responses to objections to his motions, and objections to filings by other defendants, as well as over four hundred pages of exhibits." The court also noted Klein's "flagrant disregard for court procedure and court orders in this case," which it found to be "extreme, substantial, and persistent." The court further described Klein's conduct and its consequences this way in its decision:

> Klein's actions in this lawsuit constitute egregious violation of court orders and extreme interference with the orderly administration of justice. Klein does not wait for motions to be evaluated and decisions to be rendered; he instead continuously files more motions, exhibits, and other documents. Klein does not contain his allegations to well-pled facts or the record; he instead operates under a freewheeling, no-holds barred pattern of delay and distraction. Klein has not once, but twice, filed additional actions in an attempt to stay or slow the proceedings in the 2018 case before this [c]ourt. When confronted with opposing legal arguments, Klein responds with mere

14

allegations and bare conclusions rather than craft coherent counter legal arguments. Klein stymies attempts to resolve his legal claims through his own actions.

¶36 Whether to impose sanctions on a party, and determining the sanction to be imposed, are matters that are within the trial court's discretion. ***Bettendorf v. Microsoft Corp.***, 2010 WI App 13, ¶15, 323 Wis. 2d 137, 779 N.W.2d 34. We will uphold such a decision if the trial court "'examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion.'" ***Id.*** (citation omitted).

¶37 Dismissal with prejudice is a "drastic sanction" which should be utilized by the trial court "only on finding egregious conduct or bad faith." ***Haselow v. Gauthier***, 212 Wis. 2d 580, 591, 569 N.W.2d 97 (Ct. App. 1997). In fact, "Wisconsin courts have repeatedly emphasized that dismissals with prejudice are most appropriate in cases of misconduct or inexcusable neglect, or where the claims are unlikely to succeed." ***Id.***

¶38 Similarly, with regard to the trial court's order limiting Klein's ability to file additional actions in this matter, "[w]e cannot unduly deny a party access to the judicial system." ***Minniecheske v. Griesbach***, 161 Wis. 2d 743, 749, 468 N.W.2d 760 (Ct. App. 1991). However, "while persons have a constitutional right to access to the courts, that right is neither absolute nor unconditional." ***Village of Tigerton v. Minniecheske***, 211 Wis. 2d 777, 785, 565 N.W.2d 586 (Ct. App. 1997). For example, "[a] court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." ***Id.*** (citation omitted). This is because "[f]rivolous actions hinder a court's ability to function efficiently and effectively and to fairly administer justice to litigants who have not brought frivolous actions."

*Puchner v. Hepperla*, 2001 WI App 50, ¶7, 241 Wis. 2d 545, 625 N.W.2d 609. Therefore, a court "may exercise its inherent power to ensure that it 'functions efficiently and effectively to provide the fair administration of justice,' and to control its docket with economy of time and effort." *Id.* (citations omitted). Without this potential consequence, a litigant who engages in this conduct "may be undeterred from bringing frivolous litigation." *Id.*

¶39 The record supports the trial court's findings regarding the egregious nature of Klein's conduct. Its imposition of both sanctions is further bolstered by the fact that the Illinois courts have previously placed a similar restriction on Klein regarding the commencement of additional litigation in this matter, as well as by the admonishment he received from the bankruptcy court in the Eastern District of Wisconsin for his repetitious filings against Novoselsky there.

¶40 Still, Klein argues that the extent of the order—requiring him to seek leave of the court in order to file an action in any Wisconsin court—is excessive. However, the sanction is "narrowly tailored" to matters involving a group of respondents against whom Klein has launched a pattern of serial litigation. *See Minniecheske*, 161 Wis. 2d at 749; *see also Puchner*, 241 Wis. 2d 545, ¶9. Additionally, the restriction on access simply requires Klein to obtain approval of the court in which he wishes to make the filing, which basically means that Klein is free to file any new and nonvexatious litigation. This keeps the "statewide" limitation from being too burdensome. Furthermore, Klein has demonstrated that he will not hesitate to visit other forums, a factor that was also considered by the trial court.

¶41 Therefore, we conclude that the trial court did not erroneously exercise its discretion when it imposed the sanctions in this matter—dismissing the

claims with prejudice[9] and issuing the order imposing restrictions on Klein's filing of further actions.

*Conclusion*

¶42    In sum, we reverse and remand to the trial court the matter of the claims against Padgett, with instructions to dismiss the claims against her for lack of jurisdiction, and to make findings with regard to whether she is entitled to costs, fees, and attorneys' fees; the amount to be awarded, if applicable, based on the court's determination of the appropriate time frame for dismissal; and for a determination of whether the claims against her are dismissed with or without prejudice.  We affirm the trial court's order with regard to the other defendants.

*By the Court.*—Order affirmed in part, reversed in part, and cause remanded with directions.

Not recommended for publication in the official reports.

---

[9] Except with regard to the claims against Padgett, as explained in the instructions on remand.